# UNITED STATES DISTRICT COURT
# IN THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Melissa B. Davis, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 1:23-cv-00560-MGL |
| | ) **COMPLAINT** |
| Michael K. Mathias, Jr., Michael Mathias, individually and d/b/a "Dry Branch Hunting Preserve", Anthony's Restaurant, L.L.C., and Mr. B's of Barnwell, LLC, | ) |
| Defendants | ) |

Plaintiff complaining of Defendants, respectfully alleges and shows unto the Court that:

## PARTIES AND JURISDICTION

1. Plaintiff, Melissa B. Davis, is a citizen and resident of Effingham County, Georgia. At all times relevant to this Complaint, Plaintiff was legally married to Brandon Davis ("husband" or "Decedent"), who, as alleged below died in a motor vehicle collision on or about January 20, 2023

2. Upon information and belief, Defendant Michael K. Mathias, Jr., ("Mathias, Jr.") is a citizen and resident of Barnwell County, South Carolina.

3. Upon information and belief, the Defendant Michael Mathias ("Mathias") is a citizen and resident of Barnwell County, South Carolina and owns and operates the "Dry Branch Hunting Preserve" located at 1160 Wells Branch Road, Ulmer, South Carolina 29849

4. Upon information and belief, Defendant Anthony's Restaurant, L.L.C., d/b/a Anthony's Restaurant & Lounge ("Anthony's") is a limited liability company organized pursuant

to the laws South Carolina, with its sole member being Dana Mathias, as resident of Barnwell County, South Carolina.

5. Upon information and belief, Mr. B's of Barnwell, L.L.C., ("Mr. B's") is a limited liability company incorporated in South Carolina with its only member being J. Michael Baxley, a resident of Barnwell County, South Carolina. Mr. B's operates as a bar and restaurant in Barnwell County, South Carolina.

6. This Court has subject matter jurisdiction because the parties are completely diverse and the amount in controversy exceeds $75,000.00.

7. The Aiken Division of the United States District Court for the District of South Carolina is the appropriate Division with which to bring this action because: a) a natural Defendant resides in the Division; b) a substantial part of the events and omissions giving rise to the claim occurred within the Division; and, c) any or all of the corporate Defendants do business relating to the events or omissions alleged within the Division.

**FACTS**

8. Upon information and belief, on the afternoon and evening of January 20, 2023, Brandon Davis was a business invitee of Michael Mathias, individually, or d/b/a the "Dry Branch Hunting Preserve" and was part of a group of customers on a scheduled hunt weekend organized by non-party Bonitz of Georgia, Inc.

9. Upon information and belief, after the group of customers, including Brandon Davis, arrived at the Dry Branch Hunting Preserve, Defendant Mathias, Jr., operating a motor vehicle for his own benefit or in the course and scope of his employment with Michael Mathias, individually and/or d/b/a the Dry Branch Hunting Preserve, drove Mr. Davis, among others to one or more restaurants, including Defendant Anthony's and Defendant Mr. B's.

10. While at Defendant Anthony's and/or Mr. B.'s Defendant Mathias, Jr. purchased, ordered, and/or consumed alcoholic beverages such that he was too intoxicated to safely operate a motor vehicle.

11. In the evening of January 20, 2023, Defendant Mathias, Jr. left Defendant Anthony's and/or Mr. B's and began operating a motor vehicle in which Plaintiff's Decedent was a passenger.

12. Shortly thereafter and while driving near Kline, South Carolina, Defendant Mathias, Jr.'s acts and omissions, as described more fully below were a combining and contributing cause of a violent motor vehicle collision.

13. Decedent, Brandon Davis, suffered physical and mental injuries, endured conscious pain and suffering; and, ultimately succumbed to his collision related injuries and died as a result.

14. As a result of the collision and resulting injuries and death of her husband, Plaintiff has incurred loss of consortium damages, including loss of the value of her husband's aid, society, services, and companionship in their home.

**FOR A FIRST CAUSE OF ACTION FOR LOSS OF CONSORTIUM DAMAGES**
**(Motor Vehicle Negligence and Recklessness)**
**Against Michael K. Mathias, Jr.)**

15. Plaintiff repeats and realleges as if verbatim, and incorporates by reference Paragraphs 8-14, above.

16. The collision and resulting injuries alleged in paragraph 14 were the direct and proximate result, in part, of Defendant Mathias, Jr.'s negligent, grossly negligent, willful, wanton, reckless and careless conduct in one or more of the following particulars, to wit:

    a. In drunk driving or otherwise operating a vehicle while intoxicated or under the influence;

    b.    In speeding recklessly, operating his vehicle at an excessive speed and/or driving too fast for conditions;

    c.    In failing to maintain a proper lookout;

    d.    In failing to have his vehicle properly equipped and in good working order;

    e.    In failing to have his vehicle equipped with brakes and by failing to use them properly if his vehicle was so equipped;

    f.    In failing to operate his vehicle in a reasonably safe manner;

    g.    In attempting a dangerous and improper passing maneuver;

    h.    In failing to take any precautions for his own safety or for the safety of his passengers;

    i.    In failing to stop, swerve, slow down or take any other evasive action to avoid the collision;

    j.    In failing to observe caution when operating his vehicle on State Roads;

    k.    In failing to have his vehicle under proper control;

    l.    In failing to use that degree of care and caution which a reasonable person would have used under the circumstances then and there existing; and

    m.    In other particulars that may be discovered before and at trial.

All of which are contrary to the common and statutory laws of the State of South Carolina and the rules and regulations of the South Carolina Department of Public Safety.

    17.    Defendant Mathias, Jr.'s negligent, negligent per se, willful, wanton, and/or reckless conduct and breach of the duties owed to Plaintiff's decedent was, in part, a direct and proximate cause of the January 20, 2023, incident described herein.

18. As a contributing direct and proximate cause of Defendant Mathias, Jr.'s negligent, negligent per se, willful, wanton, and/or reckless conduct and breach of the duties owed to the motoring public and Brandon Davis, Plaintiffs suffered damages, resulting in the loss of consortium injuries alleged in Paragraph 14.

19. As a contributing direct and proximate result of the negligence, gross negligence, carelessness, recklessness and failure of Defendant Mathias to show the requisite care under the circumstances, Plaintiff suffered the injuries described in Paragraph 14 and is entitled to recover actual and punitive damages from the Defendant Mathias, Jr.

**FOR A SECOND CAUSE OF ACTION FOR LOSS OF CONSORTIUM DAMAGES**
**(Negligence, Negligence Per Se, Gross Negligence, Willful, Wanton and Reckless Conduct in violation of South Carolina Code § 61-4-580 – Dram Shop Liability)**
**Against Defendants Anthony's and/or Mr. B's**

20. The allegations set forth in paragraphs eight through fourteen (8-19) above are incorporated as if repeated herein.

21. Upon information and belief, prior to the subject incident killing the Plaintiff's Decedent, Defendant Mathias, Jr. visited Defendant Anthony's and/or Mr. B's establishments, during the evening of January 20, 2023, consuming alcohol until just prior to the accident.

22. At all times relevant hereto, Defendant's Anthony's and/or Mr. B's operated a bar/restaurant that served alcoholic beverages and were subject to licensing by the State of South Carolina and subject to all applicable statutes and state administrative regulations concerning the sale and consumption of alcohol.

23. Defendant Mathias, Jr. consumed excessive amounts of alcohol while at Defendants Anthony's and/or Mr. B's on January 20, 2023.

24. During his visit to Defendants Anthony's and/or Mr. B's bar on January 20, 2023 Defendants Anthony's and/or Mr. B's employees served Defendant Mathias, Jr. an excessive amount of alcoholic beverages and Defendant Mathias, Jr. became grossly intoxicated.

25. Based on the quantity of alcoholic beverages served, and Defendant Mathias, Jr.'s behavior, Defendants Anthony's and/or Mr. B's and their employees knew or should have known Defendant Mathias, Jr. was intoxicated.

26. Despite their actual and constructive knowledge of Defendant Mathias, Jr.'s intoxication, Defendants Anthony's and/or Mr. B's and their employees continued to serve Defendant Mathias, Jr. alcoholic beverages.

27. On January 20, 2023, Defendants Anthony's and/or Mr. B's permitted their agents, servants, and employees to serve and provide Defendant Mathias, Jr. a quantity of alcohol which resulted in Defendant Mathias, Jr.'s intoxication, and continued to serve Defendant Mathias, Jr. after he was intoxicated.

28. The alcoholic beverages sold and provided to Defendant Mathias, Jr. by the agents and employees of Defendants Anthony's and/or Mr. B's on January 20, 2023, contributed to and caused Defendant Mathias, Jr. to become and remain intoxicated at all times relevant to the claims set forth herein.

29. Upon information and belief, within a short time after Defendant Mathias, Jr. left Defendants Anthony's and/or Mr. B's bars, Defendant Mathias, Jr. lost control of his vehicle at a high speed, which was a proximate contributing cause, resulting in the violent and deadly wreck.

30. As a result of this collision, Husband was injured and killed, and Plaintiff suffered in the injuries and damages described in Paragraph 14.

31. Upon information and belief, at the time of the collision that injured and killed Plaintiff's husband, Defendant Mathias, Jr. had a blood alcohol content of over .08%, which is above the legal limit established by South Carolina Law.

32. The collision was, in part, a direct and proximate result of Defendants Anthony's and/or Mr. B's and their employees serving alcohol to Defendant Mathias, Jr. after they knew or should have known he was grossly intoxicated.

33. Because of his intoxicated state, Defendant Mathias, Jr. was impaired and incapable of safely operating an automobile.

34. As a result of being over-served alcohol at Defendants Anthony's and/or Mr. B's bars, Defendant Mathias, Jr. sped and lost control of his vehicle which resulted in the accident.

35. The actions of Defendants Anthony's and/or Mr. B's and their employees, described more fully above, are in direct contravention of South Carolina Code § 61-4-580.

36. South Carolina Code § 61-4-580 is a public safety statute, enacted to protect the safety of members of the public from the grievous damages caused by persons driving under the influence.

37. Defendants Anthony's and/or Mr. B's and their employees' violations of South Carolina Code § 61-4-580 led to Defendant Mathias, Jr.'s gross intoxication and directly and proximately caused Decedent's death and legal damages resulting therefrom.

38. The collision, as described in the Complaint was, in part, the direct, foreseeable and proximate result of the Defendants Anthony's and/or Mr. B's negligent, negligence per se, careless, willful, wanton, reckless, and grossly negligent acts and omissions in one or more of the following particulars, to wit:

  a. Allowing Defendant Mathias, Jr. to consume alcoholic beverages to excess while on Defendants Anthony's and/or Mr. B's premises;

  b. Allowing their agents and employees to serve Defendant Mathias, Jr. alcoholic beverages after Defendants Anthony's and/or Mr. B's and their agents knew or should have known Defendant Mathias, Jr. was intoxicated;

  c. Violating the common law and statutory law of South Carolina applicable to those in the business of selling alcoholic beverages by serving a patron Defendants Anthony's and/or Mr. B's knew or should have known was intoxicated, and continuing to serve him despite his intoxication;

  d. By failing to adequately and properly train its agents and employees in regard to their duties and responsibilities mandated by South Carolina law governing the service of alcoholic beverages;

  e. By deviating from the standard of care in the training and supervision of employees in regard to their duties and responsibilities mandated by South Carolina law governing the service of alcoholic beverages; and

  f. By creating an atmosphere that tolerated and encouraged employees to serve patrons excessive amounts of alcohol, thereby creating a dangerous and unsafe environment and condition.

  g. In other particulars that may be discovered before and at trial.

39. By reason of the acts and omissions of the Defendants Anthony's and/or Mr. B's, as set forth above, Plaintiff is entitled to awards of actual and compensatory damages as described in Paragraph 14, above, and any other damages available under the law.

40. By reason of the gross negligence, recklessness, and negligence per se of the Defendants Anthony's and/or Mr. B's, as set forth above, Plaintiff is entitled to awards of punitive damages sufficient to impress upon Defendants the seriousness of its actions and to deter the Defendants Anthony's and/or Mr. B's, and others, from similar conduct in the future.

**<u>FOR A THIRD CAUSE OF ACTION FOR LOSS OF CONSORTIUM DAMAGES</u>**
**(Respondeat Superior/Agent-Principal Liability)**
**Against Defendant Mathias, individually and d/b/a Dry Branch Hunting Preserve**

41. At all times relevant to the facts in this Complaint Defendant Mathias, Jr. was acting for the benefit of, in furtherance of, in the course and scope of employment of, or otherwise acting as an agent of Michael Mathias, individually and d/b/a Dry Branch Hunting Preserve.

42. Michael Mathias, individually and/or doing business as Dry Branch Hunting Preserve, is vicariously liable for the acts and/or omissions or Defendant Mathias, Jr., as referenced in Plaintiff's First Cause of Action.

43. As a result of the injuries and damages suffered by her husband, Plaintiff incurred the injuries and damages referenced in Paragraph 14 is informed and believes she is entitled to judgment against Defendant Mathias, individually and d/b/a Dry Branch Hunting Preserve.

WHEREFORE, Plaintiff Melissa B. Davis prays for judgments against Defendants, as follows:

1. That the Plaintiff has and recovers from the Defendants, jointly and severally, a sum or sums as determined by the jury under each cause of action for the claims herein;

2. That the Plaintiff has and recovers from each of the Defendants an amount of punitive damages as determined by the jury;

3. That the cost of this action be taxed against the Defendants;

4. That all issues of fact be tried by a jury;

5. For such other and further relief as the Court may deem just and proper

                        THE CAROLINA LAW GROUP, LLC

                        *s/W. Hugh McAngus, Jr.*
                        W. Hugh McAngus, Jr. (Fed. ID 9874)
                        824 Meeting Street
                        West Columbia, South Carolina 29169
                        (803) 881-1110
                        hugh@scclg.com

                        Nihar M. Patel (Fed. ID 12314)
                        *nihar@scclg.com*
                        P.O. Box 5192 (29606)
                        910 E. Washington Street (29601)
                        Greenville, SC
                        864-312-4444

                        Attorneys for Plaintiffs

February 9, 2023